UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO: 3:04-CV-430-DCK

| | |
|---|---|
| RACHEL DIANE GORTON, ) | |
| ) | ORDER |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | |
| DANA SPICER d/b/a ) | |
| WIX CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Defendant's "Motion to Dismiss With Prejudice Any and All Claims Against Dana Corporation Due to Bankruptcy Discharge" (Document No. 24) filed on April 15, 2009. Plaintiff opposes the motion. The parties have consented to Magistrate Judge jurisdiction, and immediate review is appropriate. Having carefully considered the record, including the parties' briefs (Document No. 24-27), the undersigned will **grant** the motion for the following reasons:

On May 13, 2004, Plaintiff filed a lawsuit against her employer "Dana Spicer Inc. d/b/a Wix Corporation," alleging wrongful termination on the basis of gender under Title VII of the Civil Rights Act of 1964 and in violation of the public policy of North Carolina. Plaintiff served process on "Dana Spicer, Inc." (Document No. 1, p. 4). Immediately underneath that name, the document indicates "True name: Dana Corporation." (*Id*.). The fact that Plaintiff has thereafter omitted "Inc." from the Defendant's name in the above caption is of no legal significance.

On March 3, 2006, Dana Corporation and forty-one (41) of its affiliates (collectively, "Dana" or the "Debtors") filed in the Bankruptcy Court for the Southern District of New York a petition for reorganization under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101-74; *see, In re Dana Corp.*, – F.3d –, 2009 WL 2351614, *5 (2d Cir. (N.Y.)). "The object of Chapter 11 of the Bankruptcy Code is to empower a debtor with going concern value to reorganize its operations to become solvent once more." *N.C.P. Marketing Group, Inc. v. BG Star Productions, Inc.*, 129 S.Ct. 1577 (2009). Typically, the debtor assumes the role of debtor in possession, which allows it to retain possession and control of its business. *Id.*; 11 U.S.C. § 1101(1).

The effect of Dana's Chapter 11 petition was to impose an automatic stay of any proceedings against Dana and its affiliates pursuant to 11 U.S.C. § 362(a)(1). No cause of action arising prior to the petition date or relating to the period prior to the petition date could then be commenced or prosecuted against the Debtors, unless the Bankruptcy Court lifted the stay. Dana further indicates that "no related judgment may be entered or enforced against the Debtors, outside of the Bankruptcy Court, without the Bankruptcy Court first issuing an order lifting or modifying the automatic stay." (Document No. 27, p. 2, ¶ 3). The automatic stay continues until "the time a discharge is granted or denied." 11 U.S.C. § 362(c)(2)(C). The present case was therefore stayed pending completion of the federal bankruptcy proceedings in the Southern District of New York. (Document No. 23, Order of August 28, 2007).

Subsequently, the Debtors emerged from bankruptcy under the Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession, effective January 31, 2008. (Document No. 25-4). Pursuant to 11 U.S.C. § 1141(d)(1)(A), the Bankruptcy Court's order confirming the reorganization plan "discharges the debtor from any debt that arose before the date of such

confirmation." *United States Dept. of Air Force v. Carolina Parachute Corp.*, 907 F.2d 1469, 1474 (4th Cir. 1990); *and see, Beard v. A.H. Robins Co., Inc.*, 828 F.2d 1029, 1031 (4th Cir. 1987) ("Section 1141(d) provides that the confirmation of the plan of reorganization discharges all claims of any kind against a corporate debtor in a reorganization).[1] Thus, all claims arising on or before that date against Dana Corporation and its affiliates have now been discharged.

To the extent Plaintiff suggests that her claims in the present case should somehow survive the bankruptcy discharge because she was not aware of the bankruptcy proceeding, the Defendant aptly points out that Plaintiff was well aware of the Dana bankruptcy and even filed a Proof of Claim against Dana Corporation with respect to her retirement benefits. (Document No. 27, p. 2). The record also reflects that on March 21, 2006, the Defendant filed a written "Notice" of the pending bankruptcy proceeding. (Document No. 18). The record reflects that the Plaintiff was served with a copy of the "Notice." (*Id.*, p. 3).

Dana now moves to dismiss the present case based upon the bankruptcy discharge. Dana contends that the Plaintiff may not pursue the present action against the named Defendant ("Dana-Spicer"), and that in light of the bankruptcy discharge of its debts, no valid judgment may be entered or enforced against it in the present action.

In her response, Plaintiff expresses uncertainty about whether Wix Filtration might actually be the correct Defendant and indicates she wishes to conduct discovery on that basis. (Document No. 26, p. 3). Although Plaintiff acknowledges that Dana Corporation owned the facility where she

---

[1]Although 11 U.S.C. § 523 lists certain exceptions to discharge, corporate debtors are excluded from the operation of this section. *See Beard*, 828 F.2d at 1031; *and see, e.g., Garrie v. James L. Gray, Inc.*, 912 F.2d 808, 812 (5th Cir. 1990) (finding that wrongful discharge claim was discharged in bankruptcy of corporate debtor), *cert denied*, 499 U.S. 907 (1991); *Yamaha Motor Corp. U.S.A. v. Shadco, Inc.,* 762 F.2d 668 (8th Cir. 1985).

was employed in 2003, she contends that Wix Filtration Corporation acquired all or part of the operation in September of 2004, shortly after Plaintiff filed her complaint, and before the bankruptcy at issue was filed in March 2006. (*Id*.). Plaintiff contends that the "list of filers for the bankruptcy case ... does not include a party called Dana Spicer or Wix Corporation or Wix Filtration." (Document No. 26, p. 3). Although Plaintiff is implicitly suggesting that naming Wix Filtration as Defendant might permit the present action to proceed, this provides no basis to withstand the Defendant's motion to dismiss.

Schedule 1 of the Chapter 11 petition expressly lists *both* "Dana Spicer, Inc." and "Wix Filtration" as names used by the Dana Corporation in the last eight years. (Document No. 25-2, p. 7). The Defendant explains that "Wix Corporation" was not listed in the schedule because that entity merged with the Dana Corporation over twenty years earlier, on December 31, 1984. (Document No. 18, p. 1, "Notice"). Given the contents of the bankruptcy petition (indicating Dana did business as Dana Spicer, Inc. and Wix Filtration), and given that Plaintiff herself served the Defendant employer as "Dana Spicer, Inc, true name, Dana Corporation," it is readily apparent from the record that both the named Defendant in the present case and Wix Filtration are subject to the Dana bankruptcy proceeding. Given that all claims arising on or before January 31, 2008 have now been discharged in the Dana bankruptcy, dismissal is appropriate in the present case.

**IT IS, THEREFORE, ORDERED** that:

1) the Defendant's "Motion to Dismiss With Prejudice Any and All Claims Against Dana Corporation Due to Bankruptcy Discharge" (Document No. 24) is **GRANTED**; and

2) the stay in this case is lifted; and

3) Plaintiff's Complaint is **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

Signed: September 8, 2009

David C. Keesler
United States Magistrate Judge